1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JARED ANDREW MARTIN,                    No.  1:22-cv-01113-SKO (HC)

12                 Petitioner,                **ORDER DIRECTING CLERK OF COURT
                                              TO ASSIGN DISTRICT JUDGE**
13          v.
                                              **FINDINGS AND RECOMMENDATION
14    TYSON J. POGUE,                         TO DISMISS PREMATURE PETITION**

15                 Respondent.                **[TWENTY-ONE DAY OBJECTION
                                              DEADLINE]**
16

17

18          Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

19    pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant habeas petition on September 1, 2022,

20    challenging ongoing state criminal proceedings in Madera County.  As discussed below, the

21    Court finds the petition to be premature and will recommend the petition be DISMISSED.

22                                    **DISCUSSION**

23    A.     Preliminary Review of Petition

24          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

26    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28    habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

                                              1

1    dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

2    2001).

3    B.      State Procedural Background

4            Petitioner states he is currently being detained in Madera County Jail pending state

5    criminal proceedings.  (Doc. 1 at 1.)  Petitioner claims that his constitutional rights are being

6    violated.  He alleges that the trial court has forced him to accept a lawyer in violation of his right

7    to self-representation.  (Doc. 1 at 2, 4-5.)

8            Petitioner also states that he is currently pursuing relief in the state courts.  He states he

9    has submitted a *pro per* motion for self-representation pursuant to Faretta v. California, 422 U.S.

10   806 (1975), in the trial court, and the matter is still pending.  (Doc. 1 at 6.)  He also states he has

11   filed a petition for writ of habeas corpus in the California Supreme Court, which is also pending.

12   (Doc. 1 at 6.)

13   C.      Younger Abstention

14           Under principles of comity and federalism, a federal court should not interfere with

15   ongoing state criminal proceedings by granting injunctive or declaratory relief except under

16   special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is

17   required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings

18   involve important state interests; and (3) the state proceedings afford adequate opportunity to

19   raise the constitutional issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457

20   U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

21   The rationale of Younger applies throughout the appellate proceedings, requiring that state

22   appellate review of a state court judgment be exhausted before federal court intervention is

23   permitted.  Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention

24   decision, state court proceedings still considered pending).

25           The law of habeas corpus also provides guidance on when a district court should abstain

26   from review of a claim.  To be granted federal habeas corpus relief, a petitioner must have

27   exhausted his available state remedies.  28 U.S.C. § 2254(b).  The rule of exhaustion is based on

28   comity to the state court and gives the state court the initial opportunity to correct the state's

2

1  alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  The

2  exhaustion requirement can be satisfied by providing the highest state court with a full and fair

3  opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404

4  U.S. 270, 276 (1971)

5       Here, state proceedings are ongoing and currently pending resolution by the trial court and

6  the California Supreme Court.  No final judgment has been rendered in this matter.  California

7  also has an important interest in passing upon and correcting violations of a defendant's rights.

8  Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328

9  F.3d 1039, 1046 (9th Cir. 2003).  Finally, the trial court, the California Court of Appeal, and the

10  California Supreme Court are adequate forums for Petitioner to seek relief for his claims.

11  Roberts, 296 F.Supp.2d at 1185.  Indeed, Petitioner concedes that the matter is currently pending

12  resolution in the trial court and the California Supreme Court.  Therefore, the Court recommends

13  abstaining from interfering in state proceedings pursuant to Younger.

14                                    **ORDER**

15       The Clerk of Court is DIRECTED to assign a district judge to this case.

16                               **RECOMMENDATION**

17       For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be

18  DISMISSED WITHOUT PREJUDICE as premature.

19       This Findings and Recommendation is submitted to the United States District Court Judge

20  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

21  of the Local Rules of Practice for the United States District Court, Eastern District of California.

22  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections

23  with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

24  and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28

25  /////

26  /////

27  /////

28  /////

1    U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to

2    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4    IT IS SO ORDERED.

5    Dated:    **September 6, 2022**                           /s/ *Sheila K. Oberto*

6                                                             UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28