1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11    JARED ANDREW MARTIN,                No.  1:22-cv-01113-JLT-SKO (HC)

12              Petitioner,               ORDER ADOPTING FINDINGS AND
                                          RECOMMENDATIONS
13                                        (Doc. 6)

14         v.                             ORDER DISMISSING PETITION FOR WRIT
                                          OF HABEAS CORPUS, DIRECTING CLERK
15                                        OF COURT TO ENTER JUDGMENT AND
                                          CLOSE CASE
16    TYSON J. POGUE,
                                          ORDER DECLINING TO ISSUE
17              Respondent.               CERTIFICATE OF APPEALABILITY

18

19         The assigned magistrate judge issued Findings and Recommendations to dismiss the

20   petition as premature.  (Doc. 6.)  Those Findings and Recommendations were served upon all

21   parties and contained notice that any objections thereto were to be filed within 21 days after

22   service.  On September 12, 2022, Petitioner filed objections to the Findings and

23   Recommendations.  (Doc. 8.)

24         According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the

25   case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court

26   concludes that the Magistrate Judge's Findings and Recommendations are supported by the

27   record and proper analysis.  Petitioner's objections present no grounds for questioning the

28   Magistrate Judge's analysis.

1

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)	In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)	There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)	(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

The Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus

relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability. Accordingly,

1.    The Findings and Recommendations issued on September 16, 2022, (Doc. 6), are adopted in full.

2.    The petition for writ of habeas corpus is dismissed.

3.    The Clerk of Court is directed to enter judgment and close the case.

4.    The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **September 14, 2022**

UNITED STATES DISTRICT JUDGE

3